NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
FILED
AUG 2 9 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-245-JMH

HERMAN STEVENSON, III                                          PETITIONER

VS:          **MEMORANDUM OPINION AND ORDER**

JOE BOOKER, Warden                                             RESPONDENT

Herman Stevenson, III, an individual presently confined at the Federal Medical Center (FMC) in Lexington, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, and has now paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

CLAIMS

The petitioner challenges his conviction for participating in a Continuing Criminal Enterprise ("CCE") on the ground that it was obtained with a jury instruction which the Supreme Court of the United States later found to be erroneous; and he alleges that this Court should hear the merits of his

claims under its 28 U.S.C. §2241 jurisdiction, as is authorized by the savings clause of 28 U.S.C. §2255.

## ALLEGATIONS OF THE PETITION

The following is a summary or construction of the petitioner's allegations, as presented in his original petition form [Record No. 1] and a later-filed amended petition [Record No. 7], which the Court construes as an amendment of right; and an original motion to show cause [Record No. 4], with an attached memorandum of law and transcripts from his trial, and an amended show cause motion [Record No. 8], which the Court also considers one of right.

The petitioner states that on November 13, 1996, he was convicted by a jury in the United States District Court for the Eastern District of Louisiana of the offense of conspiracy to possess with intent to distribute cocaine, Case No. 95-CR-0377, a conviction which was affirmed on appeal.[1] [*United States v. Millsaps*, 157 F.3d 989 (5th Cir. 1998), contains a discussion of the drug and firearms crimes, the co-defendants, and the legal issues.] The petitioner then filed a motion for relief from judgment under 28 U.S.C. §2255, which was denied, and the denial was allegedly affirmed. [*United States v. Stevenson*, 2000 WL 34533817 (5th Cir. 2000) (not reported) reveals that the petitioner's §2255 motion was docketed as 99-CV-1932-S; was originally denied and appealed; and was remanded to the trial court on June 28, 2000, to rule on a motion to reconsider.]

The petitioner continued to seek relief from his convictions. [When Stevenson appealed the trial court's forfeiture proceedings, the Fifth Circuit noted in *United States v. Stevenson*, 61 Fed.Appx. 119 (5th Cir. 2003) (unpublished), that the petitioner was also trying to re-argue the denial of relief on his §2255 motion. "We have already denied Stevenson a certificate of appealability on

---

[1] He is currently serving the 295-month sentence handed down therein.

2

that motion; he cannot reurge these claims for relief before this court." *Id.*] Stevenson states that he also brought an unsuccessful petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, in the United States District Court for the Southern District of Mississippi, and that court's denial was affirmed by the Fifth Circuit on August 17, 2004. [A reading of *Stevenson, v. Pettiford*, 104 Fed.Appx. 441 (5th Cir. 2004) (unpublished), *cert. denied*, 125 S.Ct. 2282 (2005), reveals that Stevenson, *pro se*, had challenged the admission of a co-defendant's statement at trial and had also argued "that he is actually and factually innocent, that counsel's failure to request a proper jury instruction constituted ineffective assistance, that the district court should have invoked its mandamus power to correct these errors . . . ." *Id.* at 442.]

Now that he is in the custody of the FMC-Lexington warden in the Eastern District of Kentucky, the petitioner has filed another §2241 habeas proceeding. This time, the petitioner claims that (1) this Court should grant him relief based on an intervening case of the Supreme Court, *Richardson v. United States*, 526 U.S. 813 (1999), which should be retroactively applied to the facts in his case. Additionally, the instant petitioner claims that (2) he did not raise the claim in his earlier appeal(s) because its retroactive application had not yet been established, but it now passes a retroactivity analysis; (3) the erroneous jury instruction so infected the entire trial as to result in a conviction without due process; and (4) this Court may use its §2241 jurisdiction to address and correct an error of constitutional nature, such as his, which results in a complete miscarriage of justice, as (5) he is actually innocent under *Bousley v. United States*, 523 U.S. 614, 622 (1998).

The petitioner attaches to his petition several transcripts from his criminal trial, the first of which is the transcript of the trial court's charge to the jury.

3

## DISCUSSION

As with his previous attacks on his convictions, the petitioner's current effort, much like his §2241 petition in Mississippi, must fail for several reasons.

First, in the district courts in the Sixth Circuit, including the Eastern District of Kentucky, the judge must make a threshold inquiry in order to determine whether a §2241 petitioner has established two pre-conditions which are necessary for the Court to proceed to examine his claims on the merits. Under *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the petitioner must demonstrate that (1) he has been barred from filing a §2255 motion to raise the claim, *and* (2) he is making a claim of actual innocence based on a later Supreme Court decision which narrowly defines a term of the statute under which he was convicted. Then and only then will this Court be able to address the merits of that claim under 28 U.S.C. §2241.

As to the first of these requirements in the case *sub judice*, the Court finds that, unlike the petitioners who have claimed actual innocence and have been permitted to use §2241, the instant petitioner has not demonstrated that his remedy by a §2255 trial court is inadequate or ineffective. *See* 28 U.S.C. §2255. He filed his §2255 motion the same year that *Richardson* was decided on June 1, 1999, and even if it were too late to amend or otherwise get his *Richardson* claim before the trial court, the petitioner does not demonstrate that he sought permission to bring a second §2255 and was denied.

Although the Court's conclusion as to the first prerequisite makes further inquiry unnecessary, the Court nonetheless finds that the instant petitioner also fails with regard to the second prong of the test, *i.e.*, demonstrating actual, factual innocence. As in another case in this circuit, "Even assuming that a *Richardson* issue can state a claim of actual innocence," the petitioner

4

must still show factual innocence, as discussed at length in *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). *Whitener v. Snyder*, 23 Fed.Appx. 257, 2001 WL 1178302 (6th Cir. 2001) (unpublished) and *Gesuale v. Sanders,* 63 Fed.Appx. 875, 2003 WL 21130030 (6th Cir. 2003) (both opinions citing *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir.), *cert denied*, 534 U.S. 1001 (2001)). Mr. Stevenson gives absolutely no factual support for his claim of innocence herein.

Although the petitioner has not met the threshold for consideration of the merits of his claims, it bears pointing out to him that his *Richardson* claim is frivolous and borders on contempt. In *Richardson v. United States*, the United States Supreme Court interpreted the statute for a continuing criminal enterprise, 21 U.S.C. §848(c), and "determined that a jury must unanimously agree not only that the defendant committed some 'continuing series of violations,' but also about which specific 'violations' make up that 'continuing series.' " 526 U.S. at 824.

The petitioner, however, was not convicted of participation in a continuing criminal enterprise, in violation of 21 U.S.C. §848(c). As his attached instructions and opinions show, he was convicted of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §846; possession with intent to distribute cocaine, in violation of 21 U.S.C. §846; and carrying a firearm during or in relation to a drug trafficking offense, in violation of 18 U.S.C. §924. Neither the criminal CCE statute nor the *Richardson* interpretation thereof are applicable to the petitioner's convictions. The petitioner is hereafter on notice that the filing of such frivolous claims usurps judicial resources, is frowned upon by the judiciary, and can be sanctioned.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

5

(1)     The petitioner's motion and amended motion for an order to show cause [Record Nos. 4, 8] are **DENIED**, as the petitioner has failed to state a claim upon which this Court may grant relief;

(2)     the petition of Herman Stevenson is **DENIED**, as the petitioner has failed to state a claim upon which this Court may grant relief and his claim is frivolous; and

(3)     this action shall be **DISMISSED,** *sua sponte*, and a contemporaneous Judgment shall issue in favor of the respondent.

This the 29th day of August, 2005.

*Joseph M. Hood*
JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: